# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **HEATHER BRELAND,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 5:07-cv-27(CAR)** |
| : | |
| **CITY OF CENTERVILLE, GEORGIA,** : | |
| **and TERRY LEE WARE, JR.,** : | |
| **Individually and in his Official** : | |
| **Capacity as a Police Officer of the** : | |
| **City of Centerville, Georgia,** : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

On May 28, 2008, the Court entered an Order granting Summary Judgment in favor of Defendant City of Centerville ("Centerville"). The case remains open as to all claims against Defendant Terry Lee Ware, Jr. related to the sexual assault he committed against Plaintiff. Plaintiff has since filed a Motion for Reconsideration of the Summary Judgment Order as it applies to her claim of negligent hiring and retention under Georgia law. Because Plaintiff's motion fails to demonstrate that the Court committed clear error in its decision, the Motion for Reconsideration (Doc. 34) is **DENIED**.

1

Plaintiff filed her Motion for Reconsideration prior to the entry of final judgment in the case; therefore, her motion calls for the exercise of the Court's inherent discretion to reconsider and amend its orders any time prior to the entry of final judgment. See Fed. R. Civ. P. 54(b). In the interests of judicial efficiency and finality of decisions, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Groover v. Michelin North America, Inc., 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). This Court's Local Rule 7.6 provides that motions for reconsideration should not be filed as a matter of routine practice, but only when "absolutely necessary." Reconsideration is appropriate "only if the movant demonstrates [1] that there has been an intervening change in the law, [2] that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or [3] that the court made a clear error of law." McCoy v. Macon Water Authority, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Groover, 90 F. Supp. 2d at 1256. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." McCoy, 966 F. Supp. at 1223.

Plaintiff's Motion for Reconsideration is nothing more than a restatement of arguments that were thoroughly briefed by the parties and weighed by the Court, and the Court is not persuaded that its original finding was erroneous.  As to Plaintiff's State law claims of negligent hiring and retention, the Court granted summary judgment because there was a lack of evidence to show that it was reasonably foreseeable to Centerville that Officer Ware would cause the type of harm sustained by the Plaintiff.  The Court thoroughly reviewed Ware's record, including reports from the GBI's investigation of his sexual assault of Plaintiff and of his inappropriate sexual conduct with another arrestee, Shasta Winters.  There is no evidence in the record that any of Ware's supervisors knew or should have known of this pattern of conduct prior to the assault on Plaintiff.  Ware assaulted Plaintiff on December 27, 2004.  His prior misconduct with Winters did not come to light until after Ware had been terminated on other grounds, in February 2005.  Centerville first became aware of the incident with Plaintiff and of the incidents involving Winters at the same time, when Plaintiff and Winters met in jail and made a complaint to the jail staff.

Plaintiff appears to contend that Centerville should have been aware of Ware's conduct with Winters due to its egregious nature.  This is nothing more than speculation and is not supported by any evidence in the record.  The only evidence

indicates that Ware and Winters engaged in their sexual conduct surreptitiously, and took steps to conceal it from other officers on the Centerville force.

Plaintiff has moved to supplement the record with a portion of the GBI investigation report that was not previously before the Court. Although Plaintiff has shown no reason for her failure to submit this portion of the report along with the remainder of the report that was submitted in opposition to Centerville's Motion for Summary Judgment, the Court has reviewed it, and finds that it adds nothing to the evidence provided in connection with the summary judgment decision. In fact, this new portion of the GBI report only adds further support to the conclusion that Centerville had no knowledge of Ware's activities with Winters. According to the report, prepared by GBI Special Agent Leah Lightner, Winters stated during a May 13, 2005 interview that she had intentionally kept Ware's activities a secret:

> WINTERS described all the officers as nice officers. WINTERS stated she was never going to say anything about what WINTERS and Officer WARE had done, because WINTERS thought she was the only one. It was not until WINTERS got to the Houston County Jail in the early part of 2005, when WINTERS heard HEATHER BRELAND describe that WARE had tried to make moves on BRELAND as well. WINTERS stated there have got to be other girls out there that Officer WARE had done this to and they must think they are the only ones and that was why nobody has said anything.

Pl's M. for Recons., Ex. 1 p. 22.

The new portions of Lightner's report submitted with Plaintiff's Motion for Reconsideration also describe an interview with a third victim of Ware's conduct not previously known to the Court.  This evidence again fails to show that Centerville knew or should have known of Ware's sexual misconduct at the time he assaulted Plaintiff.  There is no indication that anyone had knowledge of this third victim before she made contact with Agent Lightner on May 13, 2005.  See Id., p. 29.  This conduct came to light long after Ware had been terminated due to other misconduct that did not relate to the sexual or physical abuse of arrestees.  It cannot establish that Centerville knew or should have known of Ware's prior sexual misconduct.  In the absence of evidence to show that Centerville knew or should have known of Ware's tendency to assault arrestees, there is no genuine issue of fact as to causation, and Centerville remains entitled to judgment as a matter of law.

It is SO ORDERED this 16th day of January, 2009.

                                            S/ C. Ashley Royal
                                            C. ASHLEY ROYAL, JUDGE
                                            UNITED STATES DISTRICT COURT

chw